# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00597-CV

**Public Utility Commission of Texas; Peter Lake, Chairman; Will McAdams, Commissioner; Lori Cobos, Commissioner; and Jimmy Glotfelty, Commissioner; each in his or her Official Capacity at the Public Utility Commission of Texas, Appellants**

**v.**

**AMA Communications, LLC d/b/a AMA TechTel Communications, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-004498, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellants, the Public Utility Commission of Texas (PUC); Peter Lake, Chairman; Will McAdams, Commissioner; Lori Cobos, Commissioner; and Jimmy Glotfelty, Commissioner, each in his or her Official Capacity, have filed an interlocutory appeal from the trial court's November 17 and 18, 2021 respective orders (1) granting the application of appellee AMA Communications, LLC d/b/a AMA TechTel Communications (AMA) for a temporary injunction and (2) denying appellants' plea to the jurisdiction. In its order granting AMA a temporary injunction, the trial court ordered appellants to pay AMA "the full amount of financial support that [it] is owed each month under the rate orders [appellants] have executed," beginning December 1, 2021.

1

Upon appellants' November 18, 2021 filing of their notice of interlocutory appeal, the trial court's temporary injunction was automatically suspended and superseded pending resolution of the appeal, *see* Tex. Civ. Prac. & Rem. Code § 6.001(a); Tex. R. App. P. 24.2(a)(3), 29.1(b), and all proceedings at the trial court were stayed, *see* Tex. Civ. Prac. & Rem. Code § 51.014(b). On November 22, 2021, AMA filed with this Court an emergency motion for a temporary order pursuant to Texas Rule of Appellate Procedure 29.3 seeking a stay of the supersedeas effect of appellants' notice of appeal such that the trial court's temporary injunction could remain in place during the pendency of this appeal. *See* Tex. R. App. P. 29.3. This Court denied that motion on November 30, 2021.

AMA has filed a renewed motion for a Rule 29.3 temporary order, arguing that "dire circumstances" have developed since the denial of its last motion and that, without relief, AMA "will be unable to continue operations, including the provision of telecommunications service in rural Texas, before this appeal is resolved." In its renewed motion, AMA contends that appellants initially refused to pay it more than 70% of the monthly support that the PUC had by prior final order determined AMA shall receive from the Texas Universal Service Fund (TUSF) and has recently reduced that amount by another 50%. *See* Tex. Util. Code §§ 56.021 (establishing fund), .023 (outlining PUC's duties in administering fund), .026 (requiring PUC to make prompt and efficient disbursements from fund). AMA attached to its motion the declaration of its president and a copy of a letter from its lender noting that it is in default on its loan agreement. Appellants have filed a response to AMA's motion arguing against the requested relief. In the underlying lawsuit, AMA sued appellants for their failure to make the monthly disbursements and for related actions, asserting claims for ultra vires, regulatory takings, rule challenges under the Administrative Procedure Act, and declaratory relief.

After its evidentiary hearing on AMA's application for temporary injunction, the trial court found that, without injunctive relief, AMA would suffer irreparable harm and was likely to succeed on the merits of its claims. It further found that the PUC's signed rate orders had established the amount of monthly disbursement to which AMA is entitled and that the PUC has the funds available in the TUSF to make full disbursements to AMA. It found that injunctive relief would preserve the last actual, peaceable uncontested status that preceded the controversy before the court and that AMA was without an adequate remedy at law for appellants' failure to make the monthly disbursements.

Pursuant to Rule 29.3, this Court may "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." Tex. R. App. P. 29.3; *see Texas Educ. Agency v. Houston Indep. Sch. Dist.*, 609 S.W.3d 569, 573–74 (Tex. App.—Austin 2020) (order). The relief AMA seeks is an order that the trial court's temporary injunction remain in place because if appellants' actions are not enjoined, it will suffer irreparable harm. The trial court concluded that AMA made a sufficient showing to establish a probable right to recovery on its claims and would suffer irreparable harm if appellants were not ordered to continue making the required disbursements, and in its renewed motion, AMA has demonstrated that irreparable harm has occurred and continues to occur. Because this Court has inherent power to prevent irreparable harm to parties properly before us pursuant to our appellate jurisdiction in an interlocutory appeal, because Rule 29.3 provides a mechanism by which to exercise that authority, and because we conclude that AMA has demonstrated it has and will continue to suffer irreparable harm unless we grant its requested relief, we grant its renewed motion. *See Texas Educ. Agency*, 609 S.W.3d at 578.

Accordingly, we grant AMA's renewed Rule 29.3 motion for a temporary order and order that the trial court's temporary injunction be reinstated to preserve the parties' rights until the disposition of this appeal.

It is so ordered on June 30, 2022.

Before Justices Goodwin, Baker, and Triana
    Justice Goodwin dissenting without opinion